this and other omissions, we think it is not unfair to the parties to treat their income as being substantially equal during the years of their marriage.

Appellee either refused or failed to divulge the amount of bonds and other securities which she now holds or the amount of money which is presently deposited to her individual account. For this reason, it is impossible for this Court to make an accurate computation of the net worth of the parties at the time of the separation. We think a fair and equitable basis of settlement would be to require appellee to make a complete disclosure of all funds and securities now held by her. From the total, appellee will be paid a sum sufficient to represent her net worth at the time of the marriage and an equitable division of the remaining property will be made between the parties. The Court should order a restoration of property to appellant, following substantially the basis which we have indicated.

The judgment is reversed for proceedings consistent with this opinion.

Cleon K. Calvert, Pineville, for appellant.

J. C. Baker, Harlan, for appellee.

PER CURIAM.

Motion for an appeal from the Harlan Circuit Court denying recovery in an action for $304.47 for whiskey sold by movant, a wholesale dealer, to opposed, a retail dealer.

The Court is of the opinion that the sale made by movant was a sale on credit, which is prohibited by KRS 244.040(1), and the statute by its express provision denies recovery to the seller.

Appeal denied. Judgment affirmed.

### GROSS v. JOHNSON et al.

Court of Appeals of Kentucky.
March 27, 1953.

### MANN, by ELLIOTT v. PEOPLES–LIBERTY BANK & TRUST CO. et al.

### MANN, by KOHRMAN v. PEOPLES–LIBERTY BANK & TRUST CO. et al.

Court of Appeals of Kentucky.
March 27, 1953.

